UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| N.W. et al., | CASE NO. C15-010 MJP |
| Plaintiffs, | ORDER DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT |
| v. | |
| GRANITE FALLS SCHOOL DISTRICT | |
| Defendant. | |

THIS MATTER comes before the Court on Plaintiffs' Motion to Amend Complaint. (Dkt. No. 12.) Having reviewed the Motion, Defendant's Response, (Dkt. No. 14), and the related record, the Court DENIES the motion.

**Background**

Plaintiffs bring suit against Defendant Granite Falls School District, asserting a number of civil rights claims arising from Defendant's alleged indifference in response to a sexual assault incident involving the minor Plaintiff and another student. (Dkt. No. 1 at 8–14.)

Plaintiffs now seek to amend their complaint to include additional facts in support of their claims. Specifically, they seek to include Findings of Fact and Conclusions of Law by a

Washington Administrative Law Judge ("ALJ") that were reversed by the Snohomish County Superior Court. (Dkt. No. 12 at 3.) Plaintiffs do not seek to include any additional causes of action or to modify existing ones. (Id.) Defendant opposes the amendment, arguing that amendment to include the ALJ's now-reversed decision is futile and prejudicial. (Dkt. No. 14 at 2–4.) Defendant further contends that Plaintiffs' motion to amend should be denied because of undue delay. (Id. at 4.)

**Discussion**

I.     Legal Standard

Whether to grant leave to amend "is within the sound discretion of the trial court" guided by the underlying purpose of Fed. R. Civ. P. 15 to facilitate decisions based on the merits. United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). In considering whether to permit amendment, courts consider the following factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990). An amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). Futility can, by itself, justify denial of a motion for leave to amend. Bonin v. Calderon, 59 F.3d 815 (9th Cir. 1995). The consideration of prejudice to the opposing party, however, "carries the greatest weight." Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013).

II.     Futility of Amendment

Defendant argues that amendment is futile because the ALJ's decision was reversed by the Snohomish County Superior Court and is therefore obsolete. (Dkt. No. 14 at 2–3.) The

Court agrees. The ALJ's Findings of Fact and Conclusions of Law were reversed, and are now a nullity. Leave to amend to include the ALJ's decision is therefore DENIED.[1]

**Conclusion**

The Court DENIES Plaintiffs' motion for leave to amend their complaint.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 21st day of July, 2015.

Marsha J. Pechman
Chief United States District Judge

---

[1] The Court grants Plaintiffs leave to file an amended complaint to correct typographical errors within ten days of the date of this order, should Plaintiffs choose to do so.